FILED

'10 DEC 13 AM 11: 20

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 North Tatum Boulevard, Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Harold Holmes, on his own behalf, and behalf of all others similarly situated*

VIA FAX

## IN THE UNITED STATES DISTRICT COURT FOR

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD HOLMES, an individual, on his own behalf and on behalf of all others similarly situated, | **CLASS ACTION COMPLAINT** |
| Plaintiff, | '10 CV 2543 H    POR |
| v. | |
| NCO FINANCIAL SERVICES, INC. a Pennsylvania corporation, AT&T COMMUNICATIONS OF CALIFORNIA, INC., a California corporation, and DOES 1-100, inclusive, | |
| Defendants. | |

Plaintiff Harold Holmes ("Holmes" or "Plaintiff"), by his attorneys, makes this complaint against Defendants NCO Financial Services, Inc. ("NCO") and AT&T Communications of California, Inc. ("AT&T"). Holmes's allegations are based on information and belief, except to his own actions, which are based on knowledge. Holmes's information and belief are based on the investigation of his counsel, and facts that are a matter of public record.

### Introduction

1.     AT&T is a major telephone service provider in California. Holmes has repeatedly and vigorously disputed certain bills that he does not owe (collectively, the "False Debt") with

Class Action Complaint

1  AT&T. AT&T nonetheless assigned the collection of these bills to a series of outside collection
2  agencies ("OCAs"). Holmes has notified AT&T in writing (both directly and through a variety of
3  AT&T's OCAs) that he disputed the False Debt and will not pay it.

4       2.      AT&T uses a database to assign accounts to OCAs for collection, and to
5  communicate with the OCAs about the accounts and the efforts to collect on the accounts. On
6  information and belief, AT&T's database entry for Holmes contained notations of his various
7  disputes.

8       3.      In or about October 2009, AT&T assigned the False Debt to NCO, the last OCA
9  to attempt to collect the False Debt. Although (on information and belief) AT&T's database
10 reflected that Holmes had repeatedly disputed that he had any liability for the False Debt, NCO
11 nonetheless reported the False Debt to various credit reporting agencies (including TransUnion,
12 Experian, and Equifax) ("CRAs") without noting Holmes's disputes. NCO's conduct violated the
13 FDCPA, specifically 15 U.S.C. § 1692e(8), which prohibits, i.e., "the failure to communicate
14 that a disputed debt is disputed."

15      4.      Given the automated nature of AT&T's system for assigning debts for collection
16 and the automated nature of the credit reporting industry, NCO's failure to note Holmes's
17 dispute in its credit reporting indicates that NCO does not have any system in place to note
18 consumer disputes when it reports AT&T's bills to the CRAs.

19      5.      Holmes brings a class action against NCO on behalf of a class of consumers
20 identified as disputed one or more bills in AT&T's database, where AT&T assigned the bills to
21 NCO for collection and which bills NCO reported without noting the consumers' dispute.
22 Holmes seeks remedies including declaratory and injunctive relief, statutory damages, and
23 attorneys' fees for himself and the other members of the class, under 15 U.S.C. § 1692k.

24      6.      Holmes also seeks declaratory relief, injunctive relief, and statutory and punitive
25 damages against AT&T and NCO under 28 U.S.C. § 2201 and California's Consumer Credit
26 Reporting Agencies Act ("CCRAA") (Civ. Code, §§ 1785.1-1785.36).

27                                              **Parties**

28      7.      Plaintiff Harold Holmes is a natural person residing in San Diego, California.

---

Class Action Complaint                 2

8.      Defendant AT&T Communications of California, Inc. ("AT&T") is a California corporation which maintains its headquarters at One AT&T Way, Bedminster, New Jersey 07921. AT&T's primary business is providing local and long-distance telephone service. In connection with this business, AT&T regularly and in the ordinary course of its business, collects or attempts to collect debts (or purported debts) in the form of overdue account balances for telephone services.

9.      Defendant NCO Financial Services, Inc. ("NCO") is Pennsylvania corporation which lists its address with the California Secretary of State as 3850 North Causeway Boulevard, Metairie, Louisiana 70002. NCO uses the instrumentalities of interstate commerce and the mails for the principal purpose of collection of alleged debts which are primarily for personal, family, or household purposes. NCO regularly collects or attempts to collect, directly or indirectly, alleged debts owed or due or asserted to be owed or due another. NCO is debt collector under the definition of 15 U.S.C. § 1692a(6).

10.      Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by plaintiff.

11.      Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so

1    would result in a contraction with the other allegations.

2        12.     All Defendants, including Does 1 through 100, are collectively referred to as

3    "Defendants."

4        13.     Whenever this complaint refers to any act of Defendants, the allegations shall be

5    deemed to mean the act of those defendants named in the particular cause of action, and each of

6    them, acting individually, jointly and severally, unless otherwise alleged.

7                            **Jurisdiction and Venue**

8        14.     Holmes asserts federal claims under the FDCPA. This Court has subject matter

9    jurisdiction over those claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court also

10   has supplemental jurisdiction over the other claims under 28 U.S.C. § 1367(a) because they are

11   sufficiently related to the FDCPA claims that they are part of the same case or controversy.

12       15.     This Court has personal jurisdiction over the Defendants under Cal. Code Civ.

13   Proc. § 410.10 because, *inter alia*, Defendants' liability arose in the County of San Diego.

14       16.     Venue is also proper before this Court under 28 U.S.C. § 1391(a)(2), (c).

15                        **Holmes's Individual Allegations**

16       17.     **The False Debt:** Holmes disputes two AT&T telephone service accounts. Holmes

17   sought to set up telephone service for his home in the summer of 2007. When Holmes called

18   AT&T to set up service, AT&T promised certain discounts on its service. However, AT&T

19   dropped Holmes's call before it was completed and Holmes had given his final authorization to

20   the account (the "First Account"). Holmes called again and completed setting up service under a

21   different account (the "Second Account").

22       18.     Unbeknownst to Holmes, AT&T completed setting up the First Account and

23   began to charge Holmes for service on the First Account. When Holmes became aware of the

24   First Account, he immediately attempted to cancel it. Moreover, AT&T failed to apply the

25   discounts it promised for the First Account to the Second Account.

26       19.     **Holmes Disputed the False Debt:** When Holmes ultimately received AT&T's

27   bills and the situation was revealed, he began to dispute the entire balance on the First Account

28   and the portion of the balance on the Second Account that exceeded the discounted rate he was

Class Action Complaint                    4

promised for the First Account.

20.     AT&T dunned Holmes for payment on both Accounts. Holmes repeatedly disputed the unpaid balance on these Accounts with AT&T through the remainder of 2007. Holmes disputed both Accounts in writing through a letter to AT&T dated December 11, 2007. This letter states that "AT&T has been seasonably and properly notified of the disputed nature of all charges, and all undisputed charges were paid in a timely manner." (A true and correct copy of Holmes letter to AT&T is attached as Exhibit A.)

21.     It cannot be reasonably disputed that AT&T received Holmes's disputes. Holmes complained about AT&T's conduct to the California Public Utilities Commission. On April 15, 2008, AT&T sent correspondence to Holmes that responded to his complaint, and acknowledged that Holmes disputed the False Debt. (A true and correct copy of this letter to Holmes is attached as Exhibit B.) On June 9, 2008, Holmes sent a reply to AT&T which stated, in relevant part:

> You have not even acknowledged that the charges are in dispute, so there is obviously no attempt on AT&T's part to engage in good faith or fair dealings. . . . I have no confidence that any future correspondence with you would in any way move us closer to a resolution, and therefore I desire none. I demand that you either bring this matter before a magistrate that can make a fair determination of both parties' rights and responsibilities (and notify my attorney accordingly), or cease and desist all further adverse actions against me immediately. . . . Send all future correspondence to my attorney, Clay R. Sides, Esq. at 180 South Main Street, Fallbrook, CA 92028.

(A true and correct copy of this letter to Holmes is attached as Exhibit C.)

22.     Holmes disputed the False Debt with AT&T and some of its OCAs in a variety of other ways as well.

23.     **AT&T Assigns the False Debt to NCO:** AT&T assigned and reassigned the Accounts to a series of OCAs. On information and belief, AT&T ultimately assigned the False Debt to NCO in or about October 2009.

24.     NCO knew or should have known that Holmes disputed the False Debt. Because of the disputes alleged above and Holmes's many other disputes, AT&T noted that Holmes had disputed the False Debt in its database. AT&T used its database to assign the False Debt to NCO, and provided or made available to NCO the notations that Holmes disputed the False Debt.

25.     NCO reported the False Debt to various CRAs, including Experian, in or about

---

Class Action Complaint                                5

February 2010. A true and correct excerpt of Holmes's credit report from Experian is attached as Exhibit D. Exhibit D shows NCO's tradeline, but does not show that NCO reported the debt as disputed. Under 15 U.S.C. § 1681c(f), if NCO had reported that Holmes disputed the False Debt to, Experian would have included that information in Exhibit D. When NCO reported the False Debt, it failed to note that Holmes had disputed the False Debt.

### Class Certification Allegations

26.    **Class Definitions:** Holmes brings this Complaint against NCO, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the class of

> all natural persons identified in AT&T's records as disputing any charge or purported liability asserted by AT&T at the time AT&T assigned such charge or liability to NCO for collection, and which charge or purported liability NCO reported to one or more CRAs but failed to report as disputed (the "Class").

Members of the Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice. Members of the Class can be readily identified by cross-referencing the records of NCO and AT&T.

27.    **Class Numerosity:** The exact number of the Class is unknown and is not available to Holmes at this time, but such information is readily ascertainable by Defendants. Based on the size of the Defendants and the automated nature of credit reporting, Holmes believes that the Class numbers at least forty members. Therefore, individual joinder of all members of the class is likely to be impracticable.

28.    **Class Commonality:** Common questions of fact and law exist as to all Class members and predominate over the questions affecting only individual Class members. Identification of the individuals who qualify as a Class member will be sufficient to establish liability to the Class member.

29.    **Class Typicality:** Holmes's claims are typical of the claims of the other members of the Class. Holmes is not different in any relevant way from any other Class member, and the relief he seeks is common to the Class.

30.    **Adequate Representation:** Holmes will fairly and adequately represent and protect the interests of the other Class members: his interests do not conflict with the interests of

1 the Class members he seeks to represent. Holmes has retained counsel competent and

2 experienced in complex class actions, and he intends to prosecute this action vigorously.

3      31. **Predominance and Superiority:** The Class alleged in this Complaint is

4 appropriate for certification because class proceedings are superior to all other available methods

5 for the fair and efficient adjudication of this controversy, since joinder of all members is

6 impracticable. The damages suffered by each individual Class member will likely be relatively

7 small, especially given the burden and expense of individual prosecution of the complex

8 litigation necessitated by Defendants' actions. It would be virtually impossible for the Class

9 members individually to obtain effective relief from Defendants' misconduct. Even if the Class

10 members themselves could sustain such individual litigation, it would still not be preferable to a

11 class action, because individual litigation would increase the delay and expense to all parties due

12 to the complex legal and factual controversies presented in this Complaint. By contrast, a class

13 action presents far fewer management difficulties and provides the benefits of single

14 adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of

15 time, effort, and expense will be fostered and uniformity of decisions will be ensured.

16      32. **Policies Generally Applicable to the Class:** This class action is also appropriate

17 for certification because Defendants have acted or refused to act on grounds generally applicable

18 to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief

19 with respect to the Class as a whole. Defendants' policies challenged herein apply and affect

20 members of the Class uniformly, and Plaintiff's challenge of these policies hinges on

21 Defendants' conduct, not on facts or law applicable only to Plaintiff.

22 **FIRST CAUSE OF ACTION**
23 **(Violation of the FDCPA, 15 U.S.C. § 1692e(8))**
**(By Plaintiff and the Class against NCO)**

24      33. Holmes incorporates by reference and realleges all paragraphs previously alleged

25 herein.

26      34. AT&T provides residential telephone service to individuals. The balances on

27 AT&T's service accounts are "debts" under the meaning of 15 U.S.C. § 1692a(5).

28      35. AT&T contends that Holmes and the other Class members are or were obligated

---

Class Action Complaint        7

to pay the balances on their AT&T service accounts. Holmes and the other Class members are "consumers" under the meaning of 15 U.S.C. § 1692a(3).

36.   Holmes and the other Class members have disputed that they are liable for or owe AT&T's telephone service accounts with AT&T and/or one or more of AT&T's OCAs, and those disputes have been recorded in AT&T's database.

37.   AT&T regularly assigns large numbers of telephone service accounts to NCO for collection of the accounts' (allegedly) unpaid balances. On information and belief, AT&T uses its database to assign these accounts to NCO and to communicate with NCO about the accounts and NCO's collection efforts – including notations that Holmes and the other Class members have disputed the account.

38.   NCO reports certain accounts to the CRAs in the course of attempting to collect the accounts. NCO reports tradelines to the CRAs concerning Holmes and the other Class members' alleged accounts with AT&T, but fails to report that those accounts are disputed. NCO's conduct violates the FDCPA, specifically 15 U.S.C. § 1692e(8) which prohibits, i.e., "the failure to communicate that a disputed debt is disputed."

39.   Given Holmes's experience and the automated nature of AT&T's account assignment and the credit reporting industry, it is apparent that NCO does not have a reasonable system in place to ensure that it reports disputed debts as disputed to the CRAs. NCO's actions were not the result of a *bona fide* error and NCO failed to maintain reasonable procedures adapted to avoid such errors.

40.   Holmes and the other members of the respective Classes have suffered actual injury as a result of the Defendants' violation of 15 U.S.C. § 1692e(8). These injuries include declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, emotional distress, increased credit costs, and amounts paid to settle fraudulent debts.

41.   Holmes and the other members of the Classes seek to recover statutory damages, in an amount to be determined at trial, and the costs of the action (including attorneys' fees) under 15 U.S.C. § 1692k.

Class Action Complaint                    8

**SECOND CAUSE OF ACTION**
**(Declaratory Relief Under 28 U.S.C. § 2201)**
**(By Plaintiff, individually only, against All Defendants)**

42.    Holmes incorporates by reference and realleges all paragraphs previously alleged herein.

43.    Holmes is not liable for the False Debt.

44.    AT&T has assigned the False Debt to various debt collectors and caused NCO to place derogatory information on his credit reports concerning the False Debt. The actual and attempted enforcement of the False Debt has caused Holmes concrete, actual harm. Holmes and Defendants have adverse legal interests, and there is a substantial controversy between Holmes and Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Holmes is liable for the False Debt or not.

**THIRD CAUSE OF ACTION**
**(Violation of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a))**
**(By Plaintiff, individually only, against All Defendants)**

45.    Holmes incorporates by reference and realleges all paragraphs previously alleged herein.

46.    TransUnion, Experian, and Equifax are consumer credit reporting agencies, under the meaning of California Civil Code section 1785.3(d).

47.    The CCRAA prohibits persons from furnishing information on specific transactions "to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a).

48.    Holmes is not liable for the False Debt. NCO reported to Experian that the False Debt was valid, due, and owing in or about February 2010. Given its access to Holmes's entry in AT&T's database, NCO should have known that that the information it reported to Experian concerning Holmes was incomplete or inaccurate. AT&T violated Civil Code section 1785.25(a).

49.    NCO was acting as AT&T's agent when it reported the False Debt as valid, due, and owing to Experian in February 2010. NCO's actions are imputed to AT&T under traditional principles of agency. AT&T knew or should have known that the information NCO reported to Experian concerning Holmes was incomplete or inaccurate. AT&T violated Civil Code section

Class Action Complaint                    9

1785.25(a).

50. Holmes has suffered actual injury as a result of these violations of the CCRAA. These injuries include declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, and emotional distress.

51. Holmes seeks to recover actual and statutory damages, in an amount to be determined at trial, injunctive and equitable relief, and the costs of the action (including attorneys' fees) under California Civil Code section 1785.31.

WHEREFORE, Plaintiff Harold Holmes prays that the Court enter judgment and orders in his favor and against AT&T Communications of California, Inc. and NCO Financial Services, Inc. and Does 1 to 100 as follows:

a. An order certifying the Class, directing that this case proceed as a class action, and appointing Holmes and his counsel to represent the Class;

b. Judgment against NCO, and in favor of Holmes and the other Class members for statutory damages as provided by 15 U.S.C. § 1692k(a);

c. Judgment against NCO and AT&T, and in favor of Holmes, for actual and statutory damages, in an amount to be determined at trial, injunctive and equitable relief;

d. An order granting costs and attorneys' fees; and

e. Such other and further relief as this Court may deem appropriate.

Dated: December 10, 2010      By: _____

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 N. Tatum Blvd., Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

Class Action Complaint                    10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for Plaintiff  Harold Holmes, on his own behalf, and behalf of all others similarly situated*

Class Action Complaint                                    11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

Exhibits to Class Action Complaint

December 11, 2007

AT& T Residence Service
2150 Webster Street Rm 401
Oakland, CA 94612-3030

Dear sir or madam:

I am writing to you to dispute two separate accounts: 8585054602509 and 8585656513468.
The former account, 8585054602509, was closed effective August 27, 2007, and is paid in full.
This account has since wrongfully been sent to a collection agency (Money Control). The latter
account has never been used by me and was ordered closed as soon as I learned of its existence,
yet I continue to receive bills on it for increasing amounts. That account is in dispute as I have
steadfastly denied responsibility for any portion of it. Continuing to add charges to an account
that is both closed and in dispute only serves as further proof that AT&T is acting in bad faith.

On July 30th, and again on August 27th, I mailed notifications of the dispute related to both
accounts via certified mail. To date I have received no response aside from mounting bills on the
unused account and the collections notice on 8585054602509.

AT&T has been seasonably and properly notified of the disputed nature of all charges, and all
undisputed charges were paid in a timely manner. To date, AT&T has failed to abide by its own
dispute resolution procedures, and has not even closed the account that I never had access to.
Please be advised that any future violations of your own dispute policy will result in appropriate
legal action.

If this matter is not resolved within 30 days, or prior to AT&T taking further action against me
(including but not limited to submitting claims to collections agencies, or submitting adverse
remarks to the credit reporting agencies), whichever is sooner, I will seek legal relief for all
possible damages (including but not limited to cost of my time spent answering bogus claims;
cost of production and mailing of all correspondence to all parties; actual and potential damages
to my reputation and credit worthiness; costs on other debts as a result of increased interest rates;
and attorney fees). This statement does not limit in any way, my recovery for any damages,
ether known or unknown, that may result or have resulted from action by AT&T or its agents
prior to the date enumerated above.

Up to this point I have been patient and polite but now I demand that someone at AT&T, who
has the authority to resolve this dispute, notify me that he or she has reviewed the account and
my previous correspondence, and of the steps he or she has taken to do so. I further require—as
my attorney has advised me—that any communication be followed up with written confirmation.
I can be reached by phone during the day at (619) 767-2673, or at home at (858) 605-6554, or by
e-mail at holmes_2@att.net, or at Harold.Holmes@sdcounty.ca.gov.

Sincerely,

Harold W. Holmes

cc. CPUC, Money Control

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit B

Exhibits to Class Action Complaint

 **at&t**

Consumer Markets Group
P.O. Box 910547
San Diego, CA 92191-0547

T: 888.956.3030
F: 800.513.1227
www.att.com

April 15, 2008

Harold Holmes
4358 Mount Herbert Avenue
San Diego, CA 92117-4725

Re:    858-505-4602-509

Dear Mr. Holmes,

I'm writing in response to your complaint to the California Public Utilities Commission (CPUC), regarding your dispute of the charges billed for the above-referenced account.

AT&T California records indicate that on July 24, 2007, a service order was completed and dial tone was established to the Minimum Point Of Entry, thereby completing AT&T California's responsibility per AT&T Tariff A2.1.20 (copy enclosed). In addition, charges for basic service are billed according to AT&T Tariff A2.1.9 Rule 9 (copy enclosed). This states that the services furnished and billed on a monthly basis will be subject to minimum billing, when service is taken for a period of less than one month.

Pro-Rated charges are reflected on the " Additions and Changes" portion of your bill. Pro-rated charges are billed from the date you established service through the last day of your billing cycle. Our records indicate you established this service July 24, 2007, and your billing cycle ends on the 1st of each month. Therefore, your pro-rated charges were billed from July 24, 2007 through August 1, 2007.

On August 31, 2007, the account was disconnected at your request. There is no record of any request to disconnect the service prior to this date. According to AT&T Tariff A2.1.11 (copy enclosed), the customer is responsible for the service charges through the date of disconnection, or when the service is found abandoned. It is our position, therefore, that the charges totaling $88.45 are valid, and are due and payable in full. Please contact our Final Accounts Center at 1-888-300-0587 to arrange payment.

Enclosed for your review is a Statement of Account for the billing period of August 2, 2007 through October 5, 2007. This statement represents payments received, adjustments, current charges and monthly balances. We hope that this information will assist you in reconciling your records.

We regret any inconvenience this matter may have caused you. If I may assist you further with this matter, please leave a message for me on our toll-free voicemail, 1-888-958-3030, or address your concerns to my attention at P.O. Box 910547, San Diego, CA 92191-0547. All other issues should be directed to AT&T's Customer Sales and Service Center at 1-800-288-2020, Monday through Friday, 7:00 a.m. to 9:00 p.m., and Saturdays, 8:00 a.m. to 5:00 p.m.

Sincerely,

*Jackie Barron*

Jackie R. Barron
Executive Customer Escalations
AT&T California

cc: CPUC
Enclosures

Proud Sponsor of the U.S. Olympic Team

**at&t**

STATEMENT OF ACCOUNT:

Harold Holmes

ACCOUNT NUMBER: 858-505-4602          cc   509

Credits are indicated by the use of brackets ( )

| Bill Date | Previous Balance | Payments Received | Pmt Date | Adjustments Credits and Debits | | Unpaid Balance | AT&T CA Charges | Other Carrier('s) Charges | | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 08/02/07 | 0.00 | 0.00 | | | | 0.00 | 143.06 | | | $ 143.06 |
| 09/10/07 | 143.06 | (60.08) | 8/27 | Late Payment Charge | 6.31 | 89.29 | (1.93) | AT&T Long Distance | 1.10 | $ 88.46 |
| 10/05/07 | 88.46 | 0.00 | | Late Payment Charge | (0.01) | 88.45 | 0.00 | | | $ 88.45 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit C

Exhibits to Class Action Complaint

Jackie R. Barron
Executive Customer Service Escalations
AT&T California
P.O. Box 910547
San Diego, CA 92191-0547

June 9, 2008

Dear sir or madam,

I have received and reviewed your letter in response to my numerous complaints. I find
it noteworthy that it has taken nearly a year to get a response, and now it comes only in
reaction to an inquiry from the CPUC. Since your response is also sent to that
organization I can only presume that it is primarily for their benefit, not mine.

However, I would like to point out numerous problems with your stated position and
reiterate my dispute of all unpaid charges in an effort to get this matter resolved. Please
note that copies of this correspondence will be sent to the CPUC as well as my attorney,
Clay R. Sides, Esq. Please refer all future communications to his office at 180 South
Main Street, Fallbrook, CA 92028.

The subject of your letter is phone number 858-505-4602, but fails to even mention the
related matter of phone number 858 565-6513. Were it not for the failure of AT&T there
would not be two separate numbers and much of the dispute over charges and rates would
not have occurred, as I would not have been charged an excessive rate for the phone
number that I actually did (briefly) have access to. I think it is important to look at the
whole picture here to see how these matters are inter-related.

Your first paragraph states that a dial tone was established on July 24, 2007 and refers to
"AT&T Tariff A2.1.20 (copy enclosed)". It also refers to billing according to "AT&T
Tariff A2.1.9 Rule 9 (copy enclosed)". And your third paragraph refers to "AT&T Tariff
A2.1.11 (copy enclosed)". I would first point out that none of the "enclosed" items is
enclosed. I find this omission typical of all of my contact with AT&T at all levels.

Next, you actually did enclose a Statement of Account for August 2, 2007 through
October 5, 2007. Since I wrote to AT&T cancelling my service on both July 28, 2007,
AND August 27, 2007—and you acknowledged in your letter that service was terminated
on August 31, 2007—I hardly see how charges after August 31, 2007 are relevant or
appropriate.

As for the lack of any record of receipt of the request for termination of service prior to
August 1, 2007, that is a direct result of AT&T's failure to provide me (as I am sure it is
required to do per CPUC regulations) with an address to which I could correspond. I sent
my July certified letter to the address that the paperwork I received from AT&T
indicated: AT&T Residence Service P.O. Box 9039 South San Francisco, CA 94083. I
received that letter back with a label on it which states "FORWARD TIEME EXP  RTN

TO SEND". I found it pathetic that a corporation as large as AT&T could not reprint the correct address on its outgoing correspondence within one year of changing its address.

However, upon return of that letter I resubmitted it along with an additional short letter explaining the reason for the delay and requesting contact so that we could resolve the matter. Instead of the requested contact, I simply continued to receive more bills for ever-increasing amounts until I also started receiving notification that the account had been turned over to collections agencies. It was as if AT&T had never received my letter—yet I have proof that you did.

Nearly a year later, and only in response to the CPUC, I received a form letter that was signed by one of your subordinates in your name. As pointed out above, "your" letter is full of errors, and indicates to me that you have not even looked at any of the correspondence that I have sent, trying to explain why the charges are not applicable. You have not even acknowledged that the charges are in dispute, so there is obviously no attempt on AT&T's part to engage in good faith or fair dealings.

I have no confidence that any future correspondence with you would in any way move us closer to a resolution, and therefore I desire none. I demand that you either bring this matter before a magistrate that can make a fair determination of both parties' rights and responsibilities (and notify my attorney accordingly), or cease and desist all further adverse actions against me immediately. Failure to do one or the other will result in my seeking compensation through the courts for all damages that I have suffered as a result of my interaction with AT&T including lost opportunities for economic advancement due to the erroneous and prejudicial information you have provided to numerous collections agencies. Send all future correspondence to my attorney, Clay R. Sides, Esq., at 180 South Main Street, Fallbrook, CA 92028.

Sincerely,

Harold W. Holmes

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit D

Exhibits to Class Action Complaint

**Prepared for**
HAROLD HOLMES
**Report number**

# :::Experian
A world of insight

## Before contacting us, you should carefully review this report.

### Disputing information in your report

If you disagree with an item, you may dispute it. We will contact the source of the information and ask them to check their records. Because your report is updated often, contact us within 90 days from the date above.

*For the fastest and easiest way to dispute information, visit:*
## www.experian.com/disputes

**Or call 1 800 509 8495. Dispute services are available 24 hours a day, seven days a week.**

## Your personal credit report.

### Potentially negative items or items for further review

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred.

### Accounts in good standing

Items display in this section when your creditor reports that you have satisfactorily met the terms of your agreements with them. Some creditors may not report consumer credit information to us, so all of your accounts may not be listed.

### History of your account balances

Reports up to two years of your monthly balances on an account, if reported by your creditor.

### Requests for your credit history

We list anyone that has reviewed your credit information in the last two years.

### Personal information

This information is reported to us by you, your creditors and other sources.

## Tools to manage your personal credit

### What's your credit score?

Find out by ordering your VantageScore® from Experian for only $7.95. To order your VantageScore®, call 1 888 322 5583.

### Credit Manager

Receive unlimited access to your credit report, score and other credit management tools 
www.creditexpert.com.

### About Experian

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider". Consumer statements included on your report at your request that contain medical information are disclosed to others.

## ∴Experian™
A world of insight

**Prepared for**
HAROLD HOLMES
**Report number** ▓▓▓▓

**Report date**
May 23, 2010
www.experian.com/disputes
P.O. Box 2002, Allen, TX 75013

**Page 2 of 18**

## Potentially negative items or items for further review

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies and unpaid tax liens, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

### Credit items

| | Date opened | Date of status | Type | Responsibility | Credit limit or original amount | | |
|---|---|---|---|---|---|---|---|
| **NCO FINANCIAL SERVICES/99**<br>507 PRUDENTIAL ROAD<br>HORSHAM PA 19044<br>(800) 709-8613<br>*Partial account number*<br>▓▓▓▓ | Oct 2009<br><br>*Reported since*<br>Feb 2010 | Feb 2010<br><br>*Last reported*<br>Feb 2010 | Collection<br><br>*Terms*<br>1 Months<br><br>*Monthly payment*<br>NA | Individual | $305<br><br>*High balance*<br>NA | *Recent balance*<br>$305  as of<br>Feb 2010 | Status: Collection account. $305  past due as of Feb 2010.<br><br>Account history:<br>Collection as of Feb 2010<br><br>This account is scheduled to continue on record until Jul 2014.<br>Address identification number:<br>182246077 |

**Original creditor: ATT**

## Accounts in good standing

These items may stay on your credit report for as long as they are open. Once an account is closed or paid off it may continue to appear on your report for up to ten years.

### Credit items

| | Date opened | Date of status | Type | Responsibility | Credit limit or original amount | | |
|---|---|---|---|---|---|---|---|
| <br>*Partial account number* | ▓▓▓<br><br>*Reported since*<br>▓▓▓ | ▓▓▓<br><br>*Last reported*<br>▓▓▓ | ▓▓▓<br><br>*Terms*<br>▓▓▓<br><br>*Monthly payment*<br>▓▓▓ | ▓▓▓ | ▓▓▓<br><br>*High balance*<br>▓▓▓ | *Recent balance*<br>▓▓▓  | Status: Paid,Closed/Never late.<br>This account is scheduled to continue on record until Jul 2011.<br>Address identification number:<br>181404450 |

**VIA FAX** 

**JS 44** (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

HAROLD HOLMES, on his own behalf and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, CA 91403, (818) 990-1299

### DEFENDANTS

NCO FINANCIAL SERVICES, INC. and AT&T COMMUNICATIONS OF CALIFORNIA, INC.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'10 CV 2543   H   POR

CLERK, U.S. DISTRICT COURT

DEPUTY

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff
☒ 3   Federal Question (U.S. Government Not a Party)
☐ 2   U.S. Government Defendant
☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury - | of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | ☐ 660 Occupational | | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine / **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692e(8)

Brief description of cause:
Failure to report disputed debts as disputed to credit reporting agencies

### VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 12/13/2010

SIGNATURE OF ATTORNEY OF RECORD: s/Ethan Preston

**FOR OFFICE USE ONLY**

RECEIPT # 24108   AMOUNT 350.00   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

AUS 12/13/10

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each primary party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: <u>47 USC 553</u>
                                       Brief Description: <u>Unauthorized reception of cable service</u>

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS021108
Cashier ID: msweaney
Transaction Date: 12/13/2010
Payer Name: ONE LEGAL LLC
----------------------------------
CIVIL FILING FEE
 For: HOLMES V NCO FINANCIAL SVCS
  Case/Party: D-CAS-3-10-CV-002543-001
  Amount:        $350.00
----------------------------------
CHECK
  Check/Money Order Num: 3177549
  Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```