UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD HOLMES, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>                                      Plaintiff,<br>  vs.<br><br>NCO Financial Systems, Inc., a Pennsylvania corporation, AT&T COMMUNICATIONS OF CALIFORNIA, INC., a California corporation, and DOES 1-100, inclusive,<br><br>                                      Defendants. | CASE NO. 10-CV-2543-H (RBB)<br><br>**ORDER GRANTING DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT** |

On September 20, 2011, Defendant NCO Financial Systems, Inc. ("NCO") filed a motion for summary judgment in this case. (Doc. No. 38.) On October 24, 2011, Plaintiff Harold Holmes filed his response in opposition to Defendant's motion. (Doc. No. 52.) On October 31, 2011, Defendant filed its reply in support of the motion for summary judgment. (Doc. No. 61.) A hearing on Defendant's motion for summary judgment is currently set for November 7, 2011, at 10:30 a.m. The Court, pursuant to its discretion under the Local Civil Rule 7.1(d)(1), determines this matter to be appropriate for resolution without oral argument, submits it on the parties' papers, and vacates the hearing. For the following reasons, the Court grants Defendant NCO's motion for summary judgment as to Plaintiff's claims for violation of the Fair Debt Collection Practices Act and violation of the Consumer Credit Reporting

1  Agencies Act. The Court dismisses Plaintiff's second cause of action for declaratory relief
2  under 28 U.S.C. § 2201 as moot.

**Background**

In 2007, Plaintiff Harold Holmes called AT&T to set up telephone service for his home. (Compl. ¶ 17.) Plaintiff alleged that after he gave his authorization, but before the set-up was completed, his call was disconnected. Holmes called back and completed the set-up under a different account. (Id.) Holmes alleges that AT&T completed the set-up on the first account, and began charging Holmes. (Id. ¶ 20.) Holmes alleges that he disputed the debt on his first AT&T account in writing to AT&T dated December 11, 2007. (Id. ¶ 20.)

Defendant NCO is a national debt collection agency. (Compl. ¶ 9.) AT&T placed Holmes's account with NCO for collection in October of 2009 with a balance of $305.41. (Id. ¶¶ 3, 20; Doc. No. 38-4, Scott Decl. ¶ 3, 4.) Plaintiff never advised NCO that he disputed the account. (Scott Decl. ¶ 4.) NCO credit reported Plaintiff's account in February of 2010. (Id.) On December 13, 2010, Plaintiff Harold Holmes filed a class action complaint against Defendants NCO and AT&T Communications of California ("AT&T) on behalf of himself and the class of "all natural persons identified in AT&T's records as disputing any charge or purported liability asserted by AT&T at the time AT&T assigned such charge or liability to NCO for collection, and which charge or purported liability NCO reported to one or more CRAs but failed to report as disputed." (Doc. No. 1, Compl. ¶ 26.) Plaintiff's complaint alleges causes of action for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8); declaratory relief under 28 U.S.C. § 2201; and violation of the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a).[1] (Id.)

**Discussion**

**I. Summary Judgment Standard**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and

---

[1] Only the first cause of action under the FDCPA is brought on behalf of class.

1  entitlement to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).
2  A fact is material when, under the governing substantive law, it could affect the outcome of
3  the case. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>United States v. Kapp</u>,
4  564 F.3d 1103, 1114 (9th Cir. 2009). A dispute is genuine if a reasonable jury could return a
5  verdict for the nonmoving party. <u>Anderson</u>, 477 U.S. at 248.

6  A party seeking summary judgment always bears the initial burden of establishing the
7  absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323. The moving party can
8  satisfy this burden in two ways: (1) by presenting evidence that negates an essential element
9  of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to
10 establish an essential element of the nonmoving party's case on which the nonmoving party
11 bears the burden of proving at trial. <u>Id.</u> at 322-23. "Disputes over irrelevant or unnecessary
12 facts will not preclude a grant of summary judgment." <u>T.W. Elec. Serv., Inc. v. Pac. Elec.
13 Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987). Once the moving party establishes the
14 absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth
15 facts showing that a genuine issue of disputed fact remains. <u>Celotex</u>, 477 U.S. at 322. The
16 nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing]
17 on mere allegations or denials of his pleadings." <u>Anderson</u>, 477 U.S. at 256.

18 When ruling on a summary judgment motion, the court must view all inferences drawn
19 from the underlying facts in the light most favorable to the nonmoving party. <u>Matsushita Elec.
20 Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). The Court does not make
21 credibility determinations with respect to evidence offered. <u>See</u> <u>T.W. Elec.</u>, 809 F.2d at
22 630-31 (citing <u>Matsushita</u>, 475 U.S. at 587). Summary judgment is therefore not appropriate
23 "where contradictory inferences may reasonably be drawn from undisputed evidentiary
24 facts...." <u>Hollingsworth Solderless Terminal Co. v. Turley</u>, 622 F.2d 1324, 1335 (9th Cir.
25 1980).

26 **II. Plaintiff's Claims under FDCPA and CCRAA**

27 Section 1692e of the FDCPA provides:
28 A debt collector may not use any false, deceptive, or misleading representation

> or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (8) Communicating or threatening to communicate to any person credit information *which is known or which should be known to be false*, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8) (emphasis added). Section 1692e(8) of the FDCPA requires the plaintiff to show the defendant knew or should have known that the debt wad disputed. Id.; see Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1176 n. 11 (9th Cir. 2006) (noting though the FDCPA is generally a strict liability statute, Congress expressly required elements of knowledge and intent where it deemed them necessary). The California statute, in turn, provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person *knows or should know* the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a) (emphasis added).

NCO moves for summary judgment on Plaintiff's claims under FDCPA and CCRAA, arguing that NCO had no knowledge of Plaintiff's dispute. (Doc. No. 38-1 at 12-13.) The parties agree that NCO had no actual knowledge of the fact that Plaintiff's account was disputed. Plaintiff concedes that he must prove constructive knowledge as part of his case in chief for both his FDCPA and CCRAA claims. (Doc. No. 53 at 11.) Defendant argues that Plaintiff cannot establish that NCO should have known that his account was disputed. (Doc. No. 38-1 at 16.)

Defendant argues that an error in a web-based portal–which was unknown to NCO at the time it credit reported Plaintiff's account–did not allow NCO to view the full information about Plaintiff's account. NCO did not receive notice from AT&T that Plaintiff's account was disputed. (Doc. No. 38-4, Scott Decl. ¶ 4.) AT&T uses a web-based portal known as Oasis to provide account information to collection agencies, including NCO. (Id. ¶ 5.) Oasis is maintained by an outside vendor, HOV Services. (Id.) NCO and HOV Services entered into a licensing agreement which allowed NCO to use Oasis to access account information. (Id.) All Oasis accounts contain a section called "dispute tab," regardless of whether the account is disputed. (Id. ¶ 8.) Defendant offers evidence that prior to March 14, 2011, the dispute tab

1  for Plaintiff's account did not contain any record that Plaintiff had ever disputed the account.
2  (Id.)

3  Once NCO became aware of Plaintiff's claims, NCO and HOV Services investigated
4  the discrepancy between what was visible to NCO in Oasis and what Plaintiff claimed NCO
5  should be able to see.  (Id.)  The investigation revealed an error that limited NCO's users'
6  access to Oasis, which prevented them from having full access to the account information,
7  including data entered by previous collection agencies.  (Id. ¶ 9.)  On March 14, 2011, HOV
8  remedied this limitation, which allowed NCO full access to account information loaded to
9  Oasis by other collection agencies.  (Id.; see Doc. No. 38-4, Ex. B.)  Defendant offers evidence
10  that prior to March of 2011, it did not know that it was not given access to view the full
11  account information in Oasis.  (Scott Decl. ¶ 9.)  Thus, Defendant argues that NCO neither
12  knew that Plaintiff had disputed his debt, nor could have known of the dispute because NCO
13  lacked the ability to learn of the dispute by searching Oasis due to an error in the configuration
14  of Oasis.

15  In opposition to Defendant's motion, Plaintiff argues that the Oasis instruction manual
16  should have put NCO on notice that Oasis accounts contained records of disputes.  (Doc. No.
17  53 at 12.)  In reply, NCO agrees that the Oasis manual makes reference to the earlier account
18  treatment, and the database contains a dedicated place for noting disputes.  (Doc. No. 61 at 2.)
19  Nonetheless, NCO argues that these facts alone are not adequate to charge NCO with notice
20  of Plaintiff's earlier dispute.  Plaintiff has not shown any facts to rebut the evidence regarding
21  the error in the Oasis configuration, or to demonstrate that NCO was able to access the
22  information regarding disputed debt at any time prior to March 2011.

23  Plaintiff also contends that a reasonable investigation should have disclosed NCO's
24  access limitations, which in turn would have allowed NCO to learn of Plaintiff's dispute.
25  (Doc. No. 53 at 10.)  NCO responds that because NCO was not responsible for setting the
26  access configurations, it was not reasonable for NCO to recognize that its access had been
27  mistakenly limited.  (Doc. No. 61 at 8.)  NCO points out that the Oasis manual provided to
28  NCO indicated that it was given access to the dispute tab.  Plaintiff has not offered any facts

to support the claim that NCO should have known that it was not given the whole picture.

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. Viewing all inferences in favor of the non-moving party, the Court concludes that Holmes failed to raise any triable issues of fact showing that NCO should have known of the dispute with his account. Accordingly, the Court grants NCO's motion for summary judgment as to Holmes's claims for violation of the Fair Debt Collection Practices Act and violation of the Consumer Credit Reporting Agencies Act.

### III. Plaintiff's Claim for Declaratory Relief

Plaintiff's second cause of action for declaratory relief under 28 U.S.C. § 2201 seeks a declaration as to Plaintiff's liability for his AT&T account. (Compl. ¶¶ 42-44.) On February 1, 2011, Holmes filed a notice of voluntary dismissal of his claims against AT&T with prejudice. (Doc. No. 13.) Accordingly, the Court dismisses this claim as moot.

### Conclusion

For the reasons above, the Court grants Defendant NCO's motion for summary judgment as to Plaintiff's claims for violation of the Fair Debt Collection Practices Act and violation of the Consumer Credit Reporting Agencies Act. The Court dismisses Plaintiff's second cause of action for declaratory relief under 28 U.S.C. § 2201 as moot. The Clerk is directed to terminate the case.

**IT IS SO ORDERED.**

DATED: November 3, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT